## Frederick Rupp v. Catherine Rupp.

1. CONDONATION—*The Term Defined.*—Condonation is forgiveness, and is to be encouraged, that marriage relations may not be too readily broken; but condonation, in its legal sense, is conditional forgiveness, whereby one party forgives the other's wrong, on the implied promise that there shall be no further violation of the marriage vows.

2. DIVORCE—*Condonation—Revival of the Action.*—The right of action for a divorce on the ground of extreme and repeated cruelty,

after having been condoned, may be revived by abusive treatment and renewed physical violence.

3. SAME—*Evidence of a Failure to Provide, etc.*—Upon the trial of an action by the wife for divorce, on the ground of desertion and extreme and repeated cruelty, evidence showing that the husband did not provide for her is competent as to each charge. It may be a circumstance tending to show cruelty, and it may, with other circumstances, justify the wife in leaving the husband, making that to be desertion on his part, which might otherwise be desertion on hers.

4. APPELLATE COURT PRACTICE—*Insufficient Abstracts.*—The court will not consider an alleged error in refusing an instruction when the given instructions are not contained in the abstract.

5. INSTRUCTIONS—*Desertion as a Cause for Divorce.*—An instruction which requires a finding for a party to a divorce suit on the ground of desertion, regardless of the time of such desertion, is properly refused.

**Divorce.**—Appeal from the Circuit Court of Perry County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the February term, 1895. Affirmed. Opinion filed July 1, 1895.

BENJAMIN W. POPE, attorney for appellant.

R. W. S. WHEATLEY and I. R. SPILMAN, attorneys for appellee.

MR. PRESIDING JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

The parties to this suit were married during the centennial year, and after fourteen years of wedded infelicity, separated finally in 1890. Appellee filed her bill for a divorce on April 17, 1893, charging her husband with desertion and extreme and repeated cruelty. Appellant answered, denying both charges, and filed a cross-bill, in which he alleged that appellee was guilty of desertion. The issues were tried by a jury and a verdict in favor of appellee was made the basis of a decree divorcing her from her husband and dismissing the cross-bill.

It is admitted in the argument, that if appellee was entitled to a divorce at all, she was entitled also to a decree for alimony and solicitor's fees, and so the only question arising here is, whether or not the evidence justified a verdict and a decree for divorce in appellee's favor.

The parties speak English very imperfectly and evidently displayed temper while testifying. Appellee, when pressed on cross-examination with a repetition of questions already answered, refused to answer further, and manifested a lack of appreciation of the calmness and decorum which should characterize the witness stand. But notwithstanding all this, it was shown that on one occasion appellant struck her with his fist and knocked her down, as a result of which she displayed a black eye for about two weeks, and that on another occasion, a few years afterward, he felled her to the earth with a heavy blow. Appellant pleaded guilty to the first assault and was fined therefor. The second was witnessed by a traveler on the public highway. These two acts of extreme cruelty were sufficiently proven and would have been sufficient to authorize a divorce, but for the alleged condonation thereof arising from subsequent cohabitation for several years. Farnham v. Farnham, 43 Ill. 497; Ward v. Ward, 103 Ill. 477; Sharp v. Sharp, 116 Ill. 509. The question arises, were these grave offenses condoned by the fact that the wife lived with her husband for several years thereafter? The evidence does not disclose any further acts of physical violence, but it does show harsh and abusive treatment kept up from year to year until the final separation. The home of the two seems to have been a perpetual battlefield, in which the tongue was the offensive weapon. Appellee replied to her husband's insults and abuse with asperity at times, as she admits in answer to the question, "You never got your temper up, did you?" by saying, "Why, sure, when a man gets his temper up, a woman does too; I don't stand and let a man cuss me for nothing; he had no right." Condonation is forgiveness, and is to be encouraged, that marriage bonds may not be too readily broken, but condonation, in its legal sense, is *conditional* forgiveness, whereby one party forgives the other's wrong on the implied promise that there shall be no further violation of the marriage vows.

The right of action for a divorce, on the ground of extreme and repeated cruelty, after having been condoned,

may be revived by abusive treatment without renewed physical violence. Farnham v. Farnham, *supra*. In Sharp v. Sharp, *supra*, but two acts of physical violence were proven. Seven years intervened between the acts and the bill for divorce was not filed for four years after the second act. But the husband had been guilty of harsh and unkind treatment of the wife for the whole period of their married life, and it was held that there was no condonation and that the wife was entitled to a decree of divorce. So if the husband's offenses were condoned by cohabitation in the case before us, the condonation ceased to be available as a defense when the husband afterward cursed, abused and mistreated his wife. The condition on which forgiveness was granted not having been fulfilled, there was no forgiveness.

Appellant contends that the court erred in permitting appellee to show, under the issues, that appellant did not properly provide for his wife. The evidence was material as to each charge made in the bill. A failure to provide for the wife may be a circumstance tending to show cruelty, and it may, with other circumstances, justify the wife in leaving the husband, making that to be desertion on his part which would otherwise be desertion on hers.

It is also contended that the court erred in refusing to instruct the jury that if appellee, without just cause, left the home of the appellant and refused to return, they should find for appellant as to the cross-bill. The instructions which were given are not contained in the abstract, and for anything appearing to the contrary, these may have covered the same ground as the refused instruction. We have repeatedly held that we will not consider an alleged error in refusing an instruction when the given instructions are not contained in the abstract. But if it were not so, the finding of the issues on the original bill for appellee negatives desertion on her part, and the alleged error in refusing the instruction was at most a harmless one. Besides, the cross-bill prays for a divorce on the sole ground of desertion, and affirmative relief under the cross-bill could be

granted only where the desertion had been continued for two years; but the instruction required a finding for appellee, regardless of the time of the desertion or of the refusal to return, and was therefore erroneous and properly refused. Some other points have been urged upon our attention, but these are not of sufficient gravity to demand particular mention or discussion.

The decree of the Circuit Court is affirmed.